FILED

UNITED STATES DISTRICT COURT FEB 23 AM 10: 37
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| KEVIN MCGARRY, LLC, d/b/a/ BUCKET CREATIONS, a Florida limited liability company; and KEVIN MCGARRY, a Florida citizen, | § § § § § |
| Plaintiffs, | § § Case No.: 6:17-cv-315-ORL |
| vs. | § 31-TBS § |
| BUCKET INNOVATIONS, LLC, a Florida limited liability company; GLOBAL CONSUMER INNOVATIONS, LLC, a Florida limited liability company; HIGH WATER FLOOD GROUP, INC.; CASEY HOLDER; a Florida citizen; BRIAN O'LEARY, an Ohio citizen; DAVID QUINN, an Illinois citizen; and RON GERMAN, an Ohio citizen, | § § § § § § § § § § § § |
| | **COMPLAINT** |
| | **INJUNCTIVE RELIEF DEMANDED JURY TRIAL DEMANDED** |
| Defendants. | § § |

Plaintiffs, KEVIN MCGARRY, LLC, d/b/a/ BUCKET CREATIONS and KEVIN

MCGARRY (collectively "Bucket Creations"), sue Defendants, BUCKET INNOVATIONS,

LLC; GLOBAL CONSUMER INNOVATIONS, LLC ("GCI"); HIGH WATER FLOOD

GROUP, INC. ("High Water"); CASEY HOLDER ("Holder"); BRIAN O'LEARY

("O'Leary"); DAVID QUINN ("Quinn"); and RON GERMAN ("German"), and allege as

follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory relief for patent unenforceability and patent

invalidity, and for money damages for misappropriation of trade secrets.

## PARTIES

2.      Plaintiff, KEVIN MCGARRY, LLC, d/b/a BUCKET CREATIONS, is a Florida limited liability company with one member, who is *sui juris* and is an adult citizen of the State of Florida.  Kevin McGarry, LLC owns the Florida fictitious entity, Bucket Creations.

3.      Plaintiff, KEVIN MCGARRY, is *sui juris* and is an adult citizen of the State of Florida

4.      Defendant, BUCKET INNOVATIONS, LLC, is a Florida limited liability company with two members, High-Water Flood Group, Inc. and Global Consumer Innovations, LLC.

5.      Defendant, HIGH WATER FLOOD GROUP, INC., is a Florida corporation, with its principal place of business located in the State of Florida.

6.      Defendant, GLOBAL CONSUMER INNOVATIONS, LLC, is a Florida limited liability company with four members, three of whom, upon information and belief, are *sui juris* and are adult citizens of the State of Florida.  The fourth member, upon information and belief, is *sui juris* and is an adult citizen of the State of Colorado.

7.      Bucket Innovations, GCI, and High Water are effectively all the same business entity, as they share members, officers, and directors, and provide the same goods and services to the consuming public.

8.      Defendant, CASEY HOLDER, is *sui juris* and is an adult citizen of the State of Florida.

9.      Defendant, BRIAN O'LEARY, is *sui juris* and is an adult citizen of the State of Ohio.

10.     Defendant, DAVID QUINN, is *sui juris* and is an adult citizen of the State of Illinois.

11.     Defendant, RON GERMAN, is *sui juris* and is an adult citizen of the State of Ohio.

### SUBJECT MATTER JURISDICTION

12.     The court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 because this action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

13.     The court has supplemental jurisdiction over the state law claims in this action, pursuant to 28 U.S.C. § 1367, because the state law claims are so related to the federal claims that they form part of the same case or controversy.

### PERSONAL JURISDICTION

14.     This court has general *in personam* jurisdiction over Bucket Innovations, High Water, GCI, and Holder because they are Florida citizens, or they are located in the State of Florida.

15.     This court has specific *in personam* jurisdiction over O'Leary, Quinn, and German because they have minimum contacts with the State of Florida that arise from the same common nucleus of operative facts as those at issue in this action.

## VENUE

16.     Venue is proper in this court, pursuant to 28 U.S.C. §§ 1391(b), 1400, because several Defendants reside in this district, a substantial part of the events or omissions giving rise to this action occurred in this district, and Defendants are subject to *in personam* jurisdiction in this district.

## GENERAL FACTUAL ALLEGATIONS

17.     There is an actual controversy within the jurisdiction of this court under 28 U.S.C. §§ 2201 and 2202.

18.     Kevin McGarry is the sole inventor of the invention taught by United States Patent No. 6,471,221.  The '221 Patent discloses a trash can system, wherein a tubular handle is located in the lower portion of the trash can.

19.     In 2013, Kevin McGarry conceived of and sought improvement of the '221 Patent by refining the tubular handle and applying that containers of differing sizes, including five gallon buckets.  Kevin McGarry referred to the improvement as "Grip-N-Grab Buckets."

20.     Kevin McGarry formed a business relationship with Highwater in mid-2013. Prior to disclosing improvements in the '221 Patent to High Water, on or about June 11, 2013, Kevin McGarry entered into certain non-disclosure agreements with High Water.

21.     The non-disclosure agreements protected all confidential and proprietary information shared by Kevin McGarry with High Water, including methods, processes, and know-how.

22.     The non-disclosure agreements further stated that High Water would not use any disclosed information, commercially.

23.     In addition, the non-disclosure agreements stated that Kevin McGarry did not grant a license to High Water, nor any third party, for any proprietary rights under any patent application.

24.     Following execution of the non-disclosure agreements, Kevin McGarry and Kevin McGarry, LLC disclosed trade secrets to High Water, consisting of methods, processes, and know-how.

25.     On or about September 20, 2013, Kevin McGarry filed a provisional patent application (App. No. 61/960,656) with the United States Patent & Trademark Office ("USPTO"), for Grip-N-Grab Buckets. Significantly, the disclosure in the provisional application contained the following description:

> Trash can system, Bottom handle container. The present invention is to provide a new and improve[d] container for emptying trash and liquids. The handle at the base will be located within the axle assembly on the wheel container, horizontal and enclosed. Curved to conform with the base of the 5 gallon commercial container, the handle is to ensure a firm and secure method for the consumer while emptying or pouring liquids – ie.: paint, detergents, oils, adhesive, food/pet products, etc.

26.     After filing the provisional patent application, Kevin McGarry disclosed the application to High Water.

27.     On or about January 17, 2014, Kevin McGarry, LLC entered into a memorandum of understanding with GCI to memorialize the parties' intent to enter into a contract concerning the Grip-N-Grab Buckets.

28.     The memorandum of understanding states that Kevin McGarry, LLC retains all ownership of intellectual property associated with Kevin McGarry, LLC, including

additions, improvements, alterations or modifications to the Grip-N-Grab Buckets, whether such modifications were the result of Kevin McGarry, LLC or GCI.

29.     In or about late January 2014, Kevin McGarry, LLC, Kevin McGarry, and GCI entered into a first licensing agreement.  The first licensing agreement granted GCI the right to make, sell, and offer the invention taught by the '221 Patent, as well as any derivative applications from the '221 Patent, including the provisional patent application for the Grip-N-Grab Buckets.  The first licensing agreement also granted GCI trademark rights to "Grip-N-Grab Buckets."

30.     After executing the first license agreement, GCI issued a press release that referred to Kevin McGarry as the inventor of the Grip-N-Grab Buckets.  In subsequent press releases, GCI and its affiliated entities, also refer to Kevin McGarry as an inventor of the Grip-N-Grab Buckets.

31.     On May 6, 2014, O'Leary, Quinn, Holder, and German filed a design patent application (App. No. 29/490,111) claiming the ornamental design of the Grip-N-Grab Buckets.  The design patent application issued on April 7, 2015, as United States Patent D726,385.

32.     O'Leary, Quinn, Holder, and German did not consult with Kevin McGarry prior to filing the design patent application.  O'Leary, Quinn, Holder, and German also did not disclose Kevin McGarry to the USPTO as an inventor on the '385 Patent, and ultimately they obtained the '385 Patent with incorrect inventorship.

33.     The '385 Patent is a derivative of the '221 Patent.

34.     Bucket Innovations is the assignee of the '385 Patent.

6

35.     On May 6, 2014, O'Leary, Quinn, Holder, and German also filed a utility patent application (App. No. 14/271,315) claiming the Grip-N-Grab Buckets. The utility patent application is, at a minimum, derived from the provisional patent application filed by Kevin McGarry in September 2013, and subsequently disclosed by Kevin McGarry to High Water and GCI.

36.     O'Leary, Quinn, Holder, and German did not consult with Kevin McGarry prior to filing the utility patent application. O'Leary, Quinn, Holder, and German also did not disclose Kevin McGarry to the USPTO as an inventor on the utility patent application, which identifies incorrect inventorship.

37.     Bucket Innovations is the assignee of the utility patent application.

38.     In mid-late 2014, Kevin McGarry, LLC, Kevin McGarry, and GCI had certain disputes regarding terms of the first licensing agreement. As a result, the parties exchanged competing drafts of proposed new licensing terms and negotiated with each other regarding same. The end result of this process was a second licensing agreement.

39.     Kevin McGarry went on an extended vacation in October 2014, and gave his authorized representative a power of attorney in his absence, for the purpose of executing the second licensing agreement.

40.     On December 3, 2014, Kevin McGarry, LLC, Kevin McGarry, and GCI executed a termination agreement to rescind the first licensing agreement, and contemporaneously, Kevin McGarry, LLC, Kevin McGarry, and Bucket Innovations executed the second licensing agreement. The second licensing agreement was primarily directed to revising the compensation structure identified in the first licensing agreement.

41.     While executing the second licensing agreement, Bucket Innovations knew that Kevin McGarry's authorized representative was suffering from diminished capacity, but Bucket Innovations coerced the representative into executing the second licensing agreement by alleging that Kevin McGarry would have no rights whatsoever in any intellectual property unless he signed the second licensing agreement.  As a result, the authorized representative executed the second licensing agreement on Kevin McGarry's behalf.

42.     On December 10, 2014, Holder filed a second design patent application (App. No. 29/511,426), claiming, again, the ornamental design of the Grip-N-Grab Buckets.  The design patent application issued on July 19, 2016, as United States Patent D762,032.

43.     Holder did not consult with Kevin McGarry prior to filing the second design patent application.  Holder also did not disclose Kevin McGarry to the USPTO as an inventor on the '032 Patent, and ultimately he obtained the '032 Patent with incorrect inventorship.

44.     The '032 Patent is a derivative of the '221 Patent.

45.     Bucket Innovations is the assignee of the '032 Patent.

46.     Bucket Innovations is publicly passing off the underlying technology behind the '385 Patent, the '032 Patent, and the utility patent application as its own, despite that each of these are derived from the '221 Patent, and owned therefore by Kevin McGarry.

47.     Under the first licensing agreement, McGarry owns all derivative applications of the '221 Patent, or at a minimum, is an inventor of patentable subject matter derived from the '221 Patent, including the '385 Patent, the '032 Patent, and the utility patent application.

48.     All general and statutory conditions precedent to this action have either occurred or have been waived by operation of law.

49.     Kevin McGarry, LLC and Kevin McGarry retained the law firm of Watson LLP to represent their interests in this proceeding, and is obligated to pay such firm reasonable attorneys' fees and costs.  Kevin McGarry, LLC and Kevin McGarry are authorized to recover attorneys' fees and costs from Defendants.

**COUNT I**
**DECLARATORY JUDGMENT OF UNENFORCEABILTY**
(Bucket Innovations, O'Leary, Quinn, Holder, and German)

50.     Kevin McGarry, LLC and Kevin McGarry re-allege and incorporate the allegations contained in paragraphs 2 through 49, as though fully set forth herein.

51.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of unenforceability.

52.     A judicial declaration is necessary and appropriate so that Kevin McGarry may ascertain his rights regarding the enforceability of the '385 Patent and the '032 Patent, given that both patents fail to identify the correct inventive entity.

53.     Kevin McGarry is entitled to a declaratory judgment that the '385 Patent and the '032 Patent is unenforceable due to inequitable conduct by O'Leary, Quinn, Holder, and German before the USPTO.

**WHEREFORE,** Plaintiffs, KEVIN MCGARRY, LLC, d/b/a/ BUCKET CREATIONS and KEVIN MCGARRY, demand judgment against Defendants, BUCKET INNOVATIONS, LLC; CASEY HOLDER; BRIAN O'LEARY; DAVID QUINN; and RON GERMAN, and seek the entry of an order stating that the '385 Patent and the '032 Patent is unenforceable; declaring that Plaintiffs are the prevailing party in this proceeding and this

case is exceptional, and awarding Plaintiffs their reasonable attorneys' fees and costs,

pursuant to 35 U.S.C. § 285; ordering Defendants to pay all fees, expenses, and costs

associated with this action; and awarding such other relief as this court deems just and

proper.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY**
(Bucket Innovations, O'Leary, Quinn, Holder, and German)

54.    Kevin McGarry, LLC and Kevin McGarry re-allege and incorporate the

allegations contained in paragraphs 2 through 49, as though fully set forth herein.

55.    As a result of the acts described in the preceding paragraphs, there exists a

controversy of sufficient immediacy and reality to warrant the issuance of a declaratory

judgment of invalidity.

56.    A judicial declaration is necessary and appropriate so that Kevin McGarry

may ascertain his rights regarding the validity of the '385 Patent and the '032 Patent, given

that both patents fail to identify the correct inventive entity.

57.    Kevin McGarry is entitled to a declaratory judgment that the claims of the

'385 Patent and the '032 Patent are invalid under one or more provisions of 35 U.S.C. §§

101, 102, 103 and/or 112.

58.    Due to O'Leary, Quinn, Holder, and German's inequitable conduct before the

USPTO, inventorship in the '385 Patent and '032 Patent cannot be corrected and both patents

are invalid as a matter of law.

**WHEREFORE,** Plaintiffs, KEVIN MCGARRY, LLC, d/b/a/ BUCKET

CREATIONS and KEVIN MCGARRY, demand judgment against Defendants, BUCKET

INNOVATIONS, LLC; CASEY HOLDER; BRIAN O'LEARY; DAVID QUINN; and RON

GERMAN, and seek the entry of an order stating that the '385 Patent and the '032 Patent is

invalid; declaring that Plaintiffs are the prevailing party in this proceeding and this case is

exceptional, and awarding Plaintiffs their reasonable attorneys' fees and costs, pursuant to 35

U.S.C. § 285; ordering Defendants to pay all fees, expenses, and costs associated with this

action; and awarding such other relief as this court deems just and proper.

**COUNT III**
**MISAPPROPRIATION OF TRADE SECRETS**
**CHAPTER 688.001, *et seq.*, FLORIDA STATUTES**
(High Water, GCI, Bucket Innovations, Holder)

59.     Kevin McGarry, LLC and Kevin McGarry re-allege and incorporate the

allegations contained in paragraphs 2 through 49, as though fully set forth herein.

60.     Kevin McGarry, LLC and Kevin McGarry owned trade secrets that they

disclosed to High Water under a non-disclosure agreement.

61.     Kevin McGarry, LLC and Kevin McGarry suffered a loss as a result of High

Water, GCI, Bucket Innovations', and Holder's violation of the Florida Uniform Trade

Secrets Act, Chapter 688.001, *et seq.*, Florida Statutes.

62.     Kevin McGarry, LLC and Kevin McGarry's trade secrets were related to a

product or service used in, or intended to be used in, interstate or foreign commerce.

63.     Kevin McGarry, LLC and Kevin McGarry took reasonable precautions to

maintain secrecy of its trade secrets by, *inter alia*, requiring third parties such as High Water

to execute non-disclosure agreements.

64.     High Water, GCI, Bucket Innovations, and Holder misappropriated the trade

secrets by using Kevin McGarry, LLC and Kevin McGarry's trade secrets for commercial

purposes and by covertly filing a utility patent application on the Grip-N-Grab Buckets, which such application is based on trade secrets disclosed to High Water by Kevin McGarry, LLC and Kevin McGarry.

65.     High Water, GCI, Bucket Innovations, and Holder knew or had reason to know that they improperly used Kevin McGarry, LLC and Kevin McGarry's trade secrets.

66.     High Water, GCI, Bucket Innovations, and Holder's actions destroyed secrecy, and disclosed Kevin McGarry, LLC and Kevin McGarry's trade secrets without their consent.

67.     Kevin McGarry, LLC and Kevin McGarry suffered damages.

**WHEREFORE,** Plaintiffs, KEVIN MCGARRY, LLC, d/b/a/ BUCKET CREATIONS and KEVIN MCGARRY, demand judgment against Defendants, BUCKET INNOVATIONS, LLC; GLOBAL CONSUMER INNOVATIONS, LLC; HIGH WATER FLOOD GROUP, INC.; and CASEY HOLDER, and seek a recovery of actual damages, punitive damages, attorneys' fees and costs.

**DATED** this 23rd day of February, 2017

Respectfully submitted,

_____
**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar No. 4850004
Email: coleman@watsonllp.com
        courtney@watsonllp.com
        docketing@watsonllp.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**Ronika J. Carter, Esq.**
Florida Bar No. 0122358
Email: ronika@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
T:    407.377.6634
F:    407.377.6688

*Attorneys for Plaintiffs,*
KEVIN MCGARRY, LLC, d/b/a/ BUCKET
CREATIONS and KEVIN MCGARRY