UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN MCGARRY, LLC and KEVIN
MCGARRY,

    Plaintiffs,

v.                                      Case No:   6:17-cv-315-Orl-31TBS

BUCKET INNOVATIONS, LLC, GLOBAL
CONSUMER INNOVATIONS, LLC, HIGH
WATER FLOOD GROUP, INC., CASEY
HOLDER, BRIAN O'LEARY, DAVID
QUINN, RON GERMAN and BUSTER
MURPHY, LLC,

    Defendants.

## ORDER

This case comes before the Court without oral argument on Plaintiffs' Motion to Quash, or Alternatively, Modify Subpoena Duces Tecum Issued to Non-Party Michael Colitz, Esq. (Doc. 51). Defendants have filed a response in opposition to the motion (Doc. 52).

Plaintiff Kevin McGarry alleges that he is the sole inventor of the invention taught by United States Patent No. 6,471,221 (Doc. 49, ¶ 19). McGarry alleges that Defendants failed to disclose to the United States Patent Office that he is also an inventor of two design patent applications and a utility patent application that are derivative of the '221 patent (Id.). This lawsuit, according to McGarry, is "an action for declaratory relief for nonjoinder of patent inventorship; money damages for misappropriation of trade secrets; unfair and deceptive trade practices; breach of contract; and civil conspiracy." (Id., ¶ 1).

Defendants have issued a subpoena duces tecum to take the deposition of attorney Michael Colitz, Jr. (Doc. 52-1). Colitz represented McGarry in the prosecution and post allowance filings related to the '221 patent (Doc. 52, ¶ 1). The subpoena commands Colitz to bring with him to his deposition, <u>inter alia</u>, all documents, items, and communications in his possession concerning the '221 patent, this lawsuit, and the parties to this lawsuit (Doc. 52-1).

McGarry is asking the Court to quash or modify the subpoena on the ground that obeying it will result in the involuntary disclosure of attorney-client privileged communications (Doc. 51, ¶ 10). Defendants argue that the motion is premature, that some or all of the information they seek is not privileged, and that when McGarry filed this lawsuit, he waived the privilege (Doc. 52).

The Court agrees with Defendants that the motion to quash is premature. During his deposition, Colitz and McGarry's current attorney can both assert the attorney-client privilege if and when appropriate. Then Defendants can ask follow-up questions, not to learn the information, but to identify it and better understand why the privilege is being asserted. After the deposition is completed, if counsel are unable to reach agreement, they can brief the issues for the Court. With the benefit of briefing, the pertinent pages of the deposition transcript and, if the Court decides it is necessary, an in camera review of the information, the Court will decide the privilege issues. In the meantime, Plaintiffs' motion is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on September 29, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties