UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN MCGARRY, LLC and KEVIN
MCGARRY,

    Plaintiffs,

v.                                          Case No: 6:17-cv-315-Orl-31TBS

BUCKET INNOVATIONS, LLC, GLOBAL
CONSUMER INNOVATIONS, LLC, HIGH
WATER FLOOD GROUP, INC., CASEY
HOLDER, BRIAN O'LEARY, DAVID
QUINN, RON GERMAN, BUSTER
MURPHY, LLC and STEPHEN CRAIG
SAWICKI,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Counter-Plaintiffs' Dispositive Motion for Final Default Judgment against Counter-Defendants (Doc 74). Upon due consideration, I respectfully recommend that the motion be **DENIED**, that Defendants' counterclaims be **DISMISSED without prejudice**, for lack of jurisdiction, that the Court **TERMINATE** any other pending motions, and direct the Clerk to **CLOSE** the file.

### Background

Plaintiffs Kevin McGarry ("McGarry") and Kevin McGarry, LLC filed this lawsuit alleging that McGarry is an inventor of the inventions claimed in Defendants' design patents (Doc. 1). Defendants answered and counterclaimed (Doc. 26). Then, Plaintiffs filed their Second Amended Complaint seeking: (1) a declaratory judgment that McGarry is an inventor of the inventions described in Defendants' two design patents; (2) damages for Defendants' alleged misappropriation of Plaintiffs' trade secrets allegedly used by

Defendants in their utility patent application; (3) damages for deceptive and unfair trade practices and civil conspiracy; and (4) relief based on Defendants' alleged breaches of two license agreements ("License Agreements") between the parties (Doc. 27). Defendants answered, interposed multiple affirmative defenses, and asserted eleven counterclaims (Doc. 50). Plaintiffs belatedly answered the counterclaims (Doc. 53).

Plaintiffs failed to comply with this Court's Orders and failed to participate in discovery. Additionally, the mediator filed a notice of cancellation, citing Plaintiffs' failure to comply with the terms and the conditions of mediation (Doc. 69). After considering the mediator's notice, the District Judge issued an Order directing Plaintiffs to show cause why this case should not be dismissed for failure to comply with the Scheduling Order, which required mediation to be completed by April 2, 2018, and for want of prosecution (Doc. 70). Then, Defendants, citing Plaintiffs' failures to comply with Orders and their discovery obligations, filed a dispositive motion for sanctions, seeking dismissal of Plaintiffs' complaint with prejudice and entry of final default judgment in favor of Defendants on their counterclaims (Doc. 71).

On May 21, 2018, the Court, after noting that Plaintiffs had not filed a response to the Show Cause Order or the motion for sanctions, found that Plaintiffs' violations of its Orders and failure to prosecute warranted the imposition of sanctions, and that dismissal of Plaintiffs' claims was appropriate (Doc. 72). The motion for sanctions was granted, and Plaintiffs' claims against Defendants were dismissed with prejudice (Id.). The Court said that the counterclaims against Plaintiffs remained pending and referred the case to me "to determine whether a default judgment is warranted." (Id. at 2).

On review, I determined that the Order granting the motion for sanctions (which sought a default judgment on the counterclaims as well as dismissal of the operative

complaint) was a *de facto* striking of Plaintiffs' answer to the counterclaims, but the then-existing record would not support entry of final default judgment, and additional filings were necessary (Doc. 73). Accordingly, I directed:

> To the extent Defendants seek entry of a default judgment, they have fourteen days in which to file a fully supported motion, accompanied by an evidentiary basis for the *specific* relief sought (or a statement that an evidentiary hearing is desired, a statement regarding the anticipated length of the hearing needed, and whether a jury is necessary).

Id. The instant motion timely followed.

## Discussion

### Standards of law

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. FED. R. CIV. P. 55(b)(2). In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987). Nonetheless, a court may only enter a default judgment if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

The United States Supreme Court has explained the difference between well-pleaded facts and conclusory allegations. In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court said a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-

- 3 -

unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. See De Lotta v. Dezenzo's Italian Restaurant, Inc., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. November 24, 2009).

"Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c),'[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Enpat, 773 F. Supp. 2d at 1313 (citing FED. R. CIV. P. 55(b)(2)). Where all the essential evidence is of record, an evidentiary hearing on damages is not required. SEC v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005).

In sum, in order to enter a default judgment, the Court must find that an adequate showing has been made as to liability and the kind or amount of damages or other relief sought.

The Counterclaims

Defendants' eleven count counterclaim alleges: Count I - declaratory judgment as to '385 Patent; Count II - declaratory judgment as to '032 Patent; Count III- breach of contract (second License Agreement); Count IV- breach of contract (first License

Agreement); Count V - fraud in the inducement as to the Highwater Non-Disclosure Agreement; Count VI - fraud in the inducement as to the first License Agreement; Count VII- fraud in the inducement as to the second License Agreement; Count VIII - rescission of the Highwater NDA; Count IX - rescission of the first License Agreement; Count X- rescission of the second License Agreement; and Count XI - defamation. Only the first two counts raise federal questions, the remainder are state law claims.

As pled, Defendants seek a dizzying array of relief:

> A. Declaratory judgment that Counter-Defendant Kevin McGarry is not an inventor of the invention claimed in the '385 Patent;
>
> B. Declaratory judgment that Counter-Defendant Kevin McGarry is not an inventor of the invention claimed in the '032 Patent;
>
> C. Judgment in favor of Counter-Plaintiff Bucket Innovations, LLC and against Counter-Defendants Kevin McGarry, LLC and Kevin McGarry for breach of the Second License Agreement, and awarding Bucket Innovations, LLC its prejudgment interest, damages, and costs of this action;
>
> D. Judgment in favor of Counter-Plaintiff Global Consumer Innovations, LLC and against Counter-Defendants Kevin McGarry, LLC and Kevin McGarry finding that the First License Agreement was the result of fraud in the inducement by Kevin McGarry, Kevin McGarry, LLC, or both; rescinding the First License Agreement in its entirety, or in the alternative, declaring it inoperative in its entirety; disgorging any amounts paid to Kevin McGarry or Kevin McGarry, LLC by Global Consumer Innovations, LLC under the First License Agreement and returning such amounts to Global Consumer Innovations, LLC; and awarding Counter-Plaintiff Global Consumer Innovations, LLC its pre-judgment interest, damages, attorneys' fees, and costs of this action;
>
> E. Judgment in favor of Counter-Plaintiff Bucket Innovations, LLC and against Kevin McGarry, LLC and Kevin McGarry finding that the Second License Agreement was the result of fraud in the inducement by Kevin McGarry, Kevin McGarry, LLC, or both; rescinding the Second License Agreement in its entirety, or in the alternative, declaring it inoperative in its

entirety; and disgorging any amounts paid to Kevin McGarry or Kevin McGarry, LLC by Bucket Innovations, LLC under the Second License Agreement and returning such amounts to Counter-Plaintiff Bucket Innovations, LLC; and awarding Counter-Plaintiff Bucket Innovations, LLC its pre-judgment interest, damages, attorneys' fees, and costs of this action;

F. Rescission of the Highwater Non-Disclosure Agreement in its entirety, or, in the alternative, declaration that it is inoperative as being fraudulently induced; and an award of pre-judgment interest, damages, attorney's fees and costs in favor of Counter-Plaintiff Highwater Flood Group, Inc. and against Counter-Defendants Kevin McGarry and Kevin McGarry, LLC;

G. Judgment in favor of Counter-Plaintiffs and against Counter-Defendants Kevin McGarry, LLC and Kevin McGarry for defaming Counter-Plaintiffs Bucket Innovations, Casey Holder and Buster Murphy, LLC; an award of injunctive relief enjoining Kevin McGarry and Kevin McGarry, LLC from making defaming public statements against any of the Counter-Plaintiffs in this action; and awarding Counter-Plaintiffs their damages and costs of litigation regarding same;

H. Judgment against Counter-Defendants Kevin McGarry and Kevin McGarry, LLC, and in favor of Counter-Plaintiff Global Consumer Innovations, LLC, finding that Counter-Defendants breached the First License Agreement, and awarding Counter-Plaintiff Global Consumer Innovations, LLC pre-judgment interest, damages, and its attorney's fees and costs of representation including but not limited to court costs, expert witness fees, costs of depositions, costs of travel, per diem costs, filing fees, costs of copying and faxing, and all other costs associated with the dispute or any other subject covered by the First License Agreement, pursuant to Section 14 of the First License Agreement;

I. Declaring Counter-Plaintiffs the prevailing parties, and entering judgment against Counter-Defendants Kevin McGarry and Kevin McGarry, LLC awarding Counter-Plaintiffs their costs of this action;

J. Decreeing this case an "exceptional case" within the meaning of 35 U.S.C. § 285, that Counter-Plaintiff Bucket Innovations, LLC is the prevailing party in this action, and awarding Counter-Plaintiff Bucket Innovations, LLC its costs and reasonable attorneys' fees to the extent permitted by law;

> K. Rescission of the First and Second License Agreements and disgorgement and return of all amounts paid to Counter-Defendants Kevin McGarry and Kevin McGarry, LLC by Counter-Plaintiffs Global Consumer Innovations, LLC and Bucket Innovations, LLC under the First and Second License Agreements; and
>
> L. Granting Counter-Plaintiffs such other and further equitable or legal relief as the Court deems just and proper.

(Doc. 50 at 42-45).

In the pending motion, Defendants request voluntary dismissal of Counts III, IV and XI of their counterclaims, and limit the relief they are seeking to:

> A. As to Count I (Declaratory Judgment of Non-Inventorship of the '385 Patent), issuing final judgment and entry of an order declaring that Kevin McGarry is not an inventor of the invention claimed in U.S. Patent No. D726,385 (the "'385 Patent");
>
> B. As to Count II (Declaratory Judgment of Non-Inventorship of the '032 Patent), issuing final judgment and entry of an order declaring that Kevin McGarry is not an inventor of the invention claimed in U.S. Patent No. D762,032 (the "'032 Patent");
>
> C. As to count V, (Fraud in the Inducement as to the Highwater NDA), issuing final judgment and entry of an order declaring that the Highwater NDA was fraudulently induced;
>
> D. As to Count VI, (Fraud in the Inducement as to the First License Agreement), issuing final judgment and entry of an order declaring that the First License Agreement was fraudulently induced;
>
> E. As to Count VII, (Fraud in the Inducement as to the Second License Agreement), final judgment and entry of an order declaring that the Second License Agreement was fraudulently induced;
>
> F. As to Count VIII (Rescission of the Highwater NDA), issuing final judgment and entry of an order rescinding the Highwater NDA and declaring it void *ab initio*;
>
> G. As to Count IX (Rescission of the First License Agreement), issuing final judgment and entry of an order

>  rescinding the First License Agreement and declaring it void *ab initio*;
>
> H. As to Count X (Rescission of the Second License Agreement), issuing final judgment and an order rescinding the Second License Agreement and declaring it void *ab initio*, and ordering the amounts paid to Counter-Defendants under the Second License Agreement totaling $18,550.43 be disgorged from Counter-Defendant Kevin McGarry, LLC and returned to Counter-Plaintiff Bucket Innovations, LLC;
>
> I. An order declaring Counter-Plaintiffs the prevailing party and awarding Counter-Plaintiffs their taxable costs of this action against Counter Defendants Kevin McGarry and Kevin McGarry, LLC; and
>
> J. Granting Counter-Plaintiffs such other and further equitable or legal relief as the Court deems just and proper.

(Doc. 74 at 12-13). For the reasons that follow, I recommend that Defendants' motion be denied due to the absence of a case or controversy as to Counts I and II, and the lack of supplemental jurisdiction over the remaining counterclaims.

<u>Jurisdiction</u>

Before the Court can adjudicate a claim it must first establish that it has jurisdiction. Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (citing <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)). A party seeking to invoke the limited jurisdiction of a federal court must show that the underlying claim is based upon diversity jurisdiction (controversies exceeding $75,000 between citizens of different states), or the existence of a federal question ("a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional

intent. See 28 U.S.C. § 1331 and § 1332; Alexander v. Sandoval, 532 U.S. 275, 293 n.8, 121 S. Ct. 1511, 149 L. Ed. 2d 517 (2001).

Defendants assert that the Court has jurisdiction under "28 U.S.C. §§1131,[1] 1138,[2] 2201 and 2202;" because "patent inventorship is a federal question under 35 U.S.C. §§116 and 256." (Doc. 50, ¶ 7). And, Defendants claim that the Court has supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. §1367, "because the state law claims are so related to the federal claims that they form part of the same case or controversy." (Doc. 50, ¶ 8).

I agree that Counts I and II, which seek declaratory judgments that McGarry is not an inventor of the inventions claimed in the '385 Patent and the '032 Patent, present federal questions. It is also apparent that the Court does not have federal question or diversity jurisdiction over the remaining state law claims,[3] which can only be considered if they fall within the bounds of the Court's supplemental jurisdiction. On review, I find that they do not.

The applicable statute reads in part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction **over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution**. Such supplemental jurisdiction shall include

---

[1] I proceed on the basis that Defendants meant to plead federal question jurisdiction under 28 U.S.C. § 1331.

[2] I believe this is also an error, and that Defendants meant to plead jurisdiction under 28 U.S.C. § 1338: "(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. …"

[3] As pled, the parties are not diverse and there is no showing that the amount in controversy requirement is met.

> claims that involve the joinder or intervention of additional parties.
>
> . . .
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (emphasis added). In determining whether the standard is met, the Eleventh Circuit has said:

> Section 1367(a) authorizes a court to hear supplemental claims to the full extent allowed by the "case or controversy" standard of Article III of the Constitution. Palmer, 22 F.3d at 1566. The constitutional "case or controversy" standard confers supplemental jurisdiction over all state claims **which arise out of a common nucleus of operative fact with a substantial federal claim.** United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) ; Palmer, 22 F.3d at 1563-64 (a federal court has the power under section 1367(a) to exercise pendent jurisdiction over state claims **which arise from the same occurrence and involve the same or similar evidence**); L.A. Draper and Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir.1984) (a federal court may exercise pendent jurisdiction over state law claims deriving from a common nucleus of operative fact with a substantial federal claim).

Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742-43 (11th Cir. 2006) (emphasis added). Defendants have not shown that any of their state law claims share a common nucleus of operative fact with their federal claims.

McGarry alleged ownership of U.S. Patent Number 6,471,221 (the "'221 Patent") for a trashcan with a lower handle (Doc. 50, ¶14). A Notice of Patent Expiration relating to the '221 Patent issued from the United States Patent and Trademark Office on November 29, 2010 (Id., ¶ 17). According to the notice, the '221 Patent had lapsed for failure to pay the 7.5 year maintenance fee (Id.). McGarry attempted to revive the expired '221 Patent but, as he knew before suit was filed, his petition to revive the '221 Patent had been denied, and consequently, the '221 Patent was lapsed and unenforceable (Id., ¶ 31). Defendants allege that McGarry withheld this information from them, made representations to the contrary, and induced them to enter into certain agreements, including the License Agreements (Id., ¶¶ 22-25, 32-46), which they seek to void and rescind. The also seek disgorgement of the payments they made under the License Agreements. Defendants aver:

> 48. It was determined by GCI that a handle design different from the one claimed in the '221 Patent would be required in order to produce a product that would be commercially marketable.
>
> 49. Counter-Plaintiff Bucket Innovations, LLC, a partial subsidiary of GCI, set about to invent a bucket and handle combination (the "BI Bucket Design") that was able to be manufactured at a reasonable market price, at its sole expense.
>
> 50. BI engaged the services of Innovative Plastics Molders, LLC ("IPM") to assist in the invention of a producible bucket and handle design. Counter-Plaintiffs Brian O'Leary, David Quinn, and Ron German, employees of IPM, each of whom have considerable plastics molding experience, participated in the invention of the BI Bucket Design.
>
> 51. Two design patents were filed in the USPTO by BI regarding the BI Bucket Design: U.S. Design Patent No. D726,385 (the '385 Patent), which issued on April 7, 2105 from U.S. Design Patent Application No. 29/490,111, and was filed in the United States Patent and Trademark Office

> (USPTO) on May 6, 2014; and U.S. Design Patent No. D762,032 (the '032 Patent), which issued on July 19, 2016, from U.S. Design Patent Application No. 29/511,426, and was filed in the USPTO on December 10, 2014. BI is the sole assignee of both design patents.
>
> 52. Kevin McGarry did not contribute in any way to either the conception or reduction to practice of any aspect of the BI Bucket Design.
>
> 53. Kevin McGarry did not contribute in any way to either the conception or reduction to practice of the inventions claimed in the '032 and '385 Patents.

(Doc. 50, ¶¶ 48-53). Defendants seek a declaration that McGarry is not an inventor of the inventions taught in the '385 Patent and '032 Patent.

The facts relevant to whether McGarry is an inventor of the inventions claimed in the '385 Patent and the '032 Patent do not "arise from the same occurrence" or "involve the same or similar evidence" as the claims of common law fraud based on McGarry's representations about the viability of the '221 Patent. See Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta, 701 F.3d 669, 679 (11th Cir. 2012) ("We take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based.") The claims involve different issues under different law arising from different sets of facts occurring at different times. As such, they do not form part of the same case or controversy and are not properly within the Court's supplemental jurisdiction. As supplemental jurisdiction does not exist over the state law claims, the Court need not consider the statutory factors as to whether it should decline to exercise that jurisdiction. These claims must be dismissed, without prejudice to pursuit in the appropriate state forum.

Turning to Counts I and II of the counterclaim, I find there is no actual case or controversy and therefore, the Court does not have jurisdiction over the only two

counterclaims that purport to raise federal questions. "The Declaratory Judgment Act provides that, "[i]n a case of **actual controversy** within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126, 127 S. Ct. 764, 770-71, 166 L. Ed. 2d 604 (2007), citing 28 U.S.C. § 2201(a) (emphasis added). The phrase "case of actual controversy" in the Act refers to the type of "Cases" and "Controversies" that are justiciable under Article III. Id., 549 U.S. at 127. The Supreme Court has explained:

> Article III of the Constitution grants the Judicial Branch authority to adjudicate "Cases" and "Controversies." In our system of government, courts have "no business" deciding legal disputes or expounding on law in the absence of such a case or controversy. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006). That limitation requires those who invoke the power of a federal court to demonstrate standing–a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). We have repeatedly held that an **"actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation.** Alvarez v. Smith, 558 U.S. 87, 92, 130 S.Ct. 576, 175 L.Ed.2d 447 (2009) (internal quotation marks omitted); Arizonans for Official English v. Arizona, 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed' " (quoting Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975))).
>
> A case becomes moot–and therefore no longer a "Case" or "Controversy" for purposes of Article III–"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam ) (some internal quotation marks omitted). No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute "is no longer embedded in any actual controversy

>
> about the plaintiffs' particular legal rights." Alvarez, supra, at 93, 130 S.Ct. 576.

Already, LLC v. Nike, Inc., 568 U.S. 85, 90-91, 133 S. Ct. 721, 726-27, 184 L. Ed. 2d 553 (2013) (emphasis added).

Defendants seek a declaration that McGarry was not an inventor of the inventions described in the subject patents. But, McGarry is not listed as an inventor in those patents and there is no pending claim to the contrary. In his Second Amended Complaint McGarry alleged that he collaborated on the claims in the '385 and '032 Patents but he was not disclosed as an inventor on those patents, and he sought a declaratory judgment, pursuant to 35 U.S.C. § 256, to require that the Director of the USPTO correct inventorship in the '385 Patent and the '032 Patent (Doc. 49, ¶¶ 57-66). The Court dismissed this claim **with prejudice** (Doc. 72). Thus, McGarry has never been listed as an inventor of the patents and, due to the dismissal with prejudice of his claim seeking to be listed, there is no actual controversy over whether he can obtain that status under 35 U.S.C. § 256.[4] "A declaratory judgment devoid of 'sufficient immediacy and reality' cannot render a case justiciable." Gagliardi v. TJCV Land Tr., 889 F.3d 728, 735 (11th Cir. 2018) citing Preiser v. Newkirk, 422 U.S. 395, 402, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975).

Defendants already have the relief they seek: patents which do not include McGarry as an inventor. And, McGarry's claims to the contrary have been dismissed with prejudice. Consequently, the Court cannot provide any relief to Defendants on Counts I

---

[4] The fact that the dismissal was with prejudice weighs against any argument that this case falls within a special category of disputes that are capable of repetition while evading review. "A dispute falls into that category, and a case based on that dispute remains live, if '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.'" Turner v. Rogers, 564 U.S. 431, 439-40, 131 S. Ct. 2507, 2515, 180 L. Ed. 2d 452 (2011), quoting Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam).

and II of their counterclaim that they do not already possess. This leads me to conclude that this case is moot and otherwise nonjusticiable.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) Defendants' motion be **denied**;

(2) Defendants' counterclaims, Counts I through XI be **dismissed without prejudice** for lack of subject matter jurisdiction;[5]

(3) The Clerk be directed to **terminate** any other pending motions and **close** the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 19, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties

---

[5] A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice. Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008).